This is an appeal from the denial of a writ of post-conviction relief under Rule 20, A.R.Crim.P.Temp. The petitioner challenges his 1989 guilty plea convictions for first degree robbery and first degree theft.
The district attorney's "Response to Rule 20 Petition" requested that the petition be dismissed as a successive petition. In his petition, the petitioner stated that he had previously filed a Rule 20 petition that had been denied on September 5, 1989. However, in his "Traverse to State's Response," the petitioner denied filing any prior Rule 20 petition but claimed that he did file a "Petition for Reconsideration of Imposed Sentence."
The circuit court did not grant the district's attorney's motion to dismiss, but found the petition to be "without merit" and denied the petition. The record on appeal does contain a case action summary of the petitioner's guilty plea in the theft case but not in the robbery case. Other than mere speculation, there is nothing to indicate that this case action summary was the basis of the trial court's finding that the petition was "without merit."
In Ex parte Rice, 565 So.2d 606, 608 (Ala. 1990), the Alabama Supreme Court held:
 "Under that Rule [20.3] the State is required to plead the ground or grounds of preclusion that it believes apply to the petitioner's case, thereby giving the petitioner the notice he needs to attempt to formulate arguments and present evidence to 'disprove [the] existence [of those grounds] by a preponderance of the evidence.' Temp. Rule 20.3, Ala.R.Crim.P. A general allegation that merely refers the petitioner and the trial court to the Rule does not provide the type of notice necessary to satisfy the requirements of due process and does not meet the burden of pleading assigned to the State by Rule 20.3."
In Ex parte Williams, 571 So.2d 987, 988-89 (Ala. 1990), that court noted that although "an appellate court can disagree with the reasoning that the trial court gave in entering a judgment but still affirm the judgment, as long as the judgment itself is proper," an appellate court may not "use a procedural basis that was not asserted until appeal to justify an allegedsubstantive error" by the trial court. (Emphasis in original.)
Here, the circuit court's denial of the petition as "without merit" does not appear responsive to the district attorney's motion to dismiss. Without directing any criticism toward the circuit court, this Court simply cannot determine the basis of that court's decision. The above decisions of our Supreme Court tend to indicate that that basis is essential to afford the petitioner due process on his appeal of the denial of his petition. See Sheats v. State, 556 So.2d 1094, 1095
(Ala.Cr.App. 1989) ("If the circuit judge has personal knowledge of the actual facts underlying the allegations in the petition, he may deny the petition without further proceedings so long as he states the reasons for the denial in a written order.").
We fully recognize that in providing for the summary disposition of a petition for post-conviction relief, Rule 20.7(d) does not require a statement of the reasons for the dismissal. Compare Rule 20.9(d) requiring specific findings of fact after an evidentiary hearing. However, in this case, we deem it the more judicious and prudent procedure to remand this cause to the circuit court with directions that that court specify the reasons for the dismissal of the petition. Upon remand, if the circuit court finds that relief is precluded under the successive petition rule of Rule 20.2(b), as alleged by the State both before the circuit court and on appeal, the circuit court must first determine and make a specific finding that a prior petition for post-conviction relief, and not some other motion, has in fact been filed. If the circuit court is ruling on the merits of the allegations of the petition, that court should so state and include a statement of the documents, evidence, or *Page 881 
personal knowledge upon which the court is relying.
Upon remand, the circuit court is authorized to require a more complete and further response by the prosecutor, conduct an evidentiary hearing, or take whatever further action is determined necessary to render a final judgment on the petition. The circuit court shall forward a written account of its findings and actions to this court.
REMANDED WITH DIRECTIONS.
All Judges concur.