McMILLAN, Judge.
The appellant filed a Rule 32, A.R.Cr.P., petition in the trial court, challenging his 1989 conviction of rape in the first degree. That conviction was affirmed by this Court in an unpublished memorandum. The appellant stated as the sole ground for his petition that he had been denied effective assistance of counsel at trial because his attorney had failed to preserve the following issues for appellate review: (1) the trial court’s failure to charge the jury on the lesser-included offense of sexual misconduct; (2) the trial court’s refusal to instruct the jury that lack of consent was an element of the offense of rape; and (3) the trial court’s incomplete instruction on earnest resistance, which allegedly also stated that race was a factor to be taken into account in the jury’s deliberations. The trial court conducted an eviden-tiary hearing, following which the State filed a formal response to the petition. The State argued that the appellant had failed to meet the burden of proof set out in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2062, 80 L.Ed.2d 674 (1984), and also that the appellant had waived the issue of ineffectiveness of trial counsel when his new appellate counsel failed to raise the issue on direct appeal. The trial judge then issued an order in which he stated only that “said petition is denied. Rule 32 is dismissed.”
This Court previously has stated that knowledge of the basis of the trial court’s decision is essential to afford the petitioner due process. Henderson v. State, 570 So.2d 879 (Ala.1990). Here, the basis of the trial court’s denial is not specified. Therefore, this cause must be remanded for the trial judge to state the grounds, whether based on procedure or on the merits of the allegations, for his denial of the petition and the reasons therefor. If the denial was based on the merits, the trial court also should make specific findings of fact relating to each material issue that was presented at the evidentiary hearing. Rule 32.9(d), A.R.CrJP. A return should be filed with this Court within 28 days of the date of this opinion.
REMANDED WITH INSTRUCTIONS.
All Judges concur, except MONTIEL, J., who recused.