BOWEN, Presiding Judge.
This is an appeal from the dismissal of a petition for post-conviction relief.
On September 10, 1986, the appellant, Hosea Agee, Jr., was convicted by a Marengo County jury of possession of a forged instrument in the second degree. His conviction and sentence of imprisonment for ten years’ were affirmed by this Court without published opinion on October 13, 1987. See Agee v. State, 519 So.2d 1380 (Ala.Cr.App.1987) (table). The certificate of judgment was issued by this Court on November 3, 1987.
*1389 On June 22, 1990, the appellant filed in federal district court an action under 28 U.S.C. § 2254 challenging his conviction. See C.R. 18. A federal magistrate recommended that this action be dismissed because the appellant had “failed to exhaust his state remedies.” C.R. 18. The appellant then filed a petition for post-conviction relief in Jefferson Circuit Court[1] challenging the Marengo Circuit Court conviction. Although he had no jurisdiction to do so,[2] a Jefferson circuit judge, acting “under the mistaken impression that a federal magistrate ordered that Mr. Agee’s Rule 32 petition be heard in the county of his residence,” C.R. 30, conducted a hearing on the appellant’s petition. This hearing was held on June 28,1991. The record does not contain a response to the appellant’s petition by the Jefferson County district attorney’s office and it does not appear that anyone representing the State appeared at the hearing on the petition.
The Jefferson circuit judge did not rule on the appellant’s petition. Instead, on September 18, 1991, he transferred the petition to Marengo Circuit Court. The transcript of the hearing held June 28, 1991, was apparently included in the transfer and it is part of the record before this Court. On October 1, 1991, the Marengo County District Attorney filed a motion to dismiss the petition in which he asserted that the petition is barred by the two-year limitations period of Rule 32.2(c);[3] that the specific allegations of the petition related to newly discovered evidence are precluded by Rule 32.2(e); that “[a]ll matters raised in the petition were raised and properly so in the appeal” and consequently, are precluded by Rule 32.-2(a)(4);[4] that the specific allegation that the appellant was denied the opportunity to retain trial counsel was refuted by the record; and that “[t]he court before which this petition is filed is the court that conducted the trial and is familiar with the fact[s] and the trial.” C.R. 31-32. On April 21, 1993, the Marengo circuit judge summarily dismissed the appellant’s petition with the following order:
“Having considered the petition and the motion filed by the State of Alabama and after examining the entire file and the appellate transcript, the court is of the opinion that there is no need to have an evidentiary hearing in this case and that the petition is due to be dismissed. The court finds that the allegations contained in the petition are without merit and do not warrant further hearing. The motion filed by the State is well taken.” C.R. 33.
In this case, as in Henderson v. State, 570 So.2d 879, 880 (Ala.Cr.App.1990), “this *1390 Court simply cannot determine the basis of [the circuit] court’s decision.” While Rule 32.7(d) “does not require a statement of the reasons for the [trial court’s] dismissal [of a petition],” Henderson, 570 So.2d at 880, Rule 32.9(d) requires the trial court to make specific findings of fact after an evidentiary hearing. It appears that in this case the Marengo circuit judge had before him and considered the transcript of the evidentiary hearing conducted by the Jefferson circuit judge. This case thus appears to fall within Rule 32.9(d), rather than Rule 32.7(d). Moreover, if a trial judge relies on his “personal knowledge of the actual facts underlying the allegations in the petition” in dismissing a petition, he should so state in his written order. See Sheats v. State, 556 So.2d 1094, 1095 (Ala.Cr.App.1989).
We therefore remand this cause to the Marengo Circuit Court with directions that that court specify the reasons for the dismissal of the petition. The directions we gave to the circuit court in Henderson, with some modifications, are applicable here:
“[I]f the circuit court finds that relief is precluded under the [time bar of Rule 32.2(c) or because all the grounds were raised on appeal and are precluded by Rule 32.2(a)(4), it should so state]. If the circuit court is ruling on the merits of the allegation of the petition, that court should so state and include a statement of the documents, evidence, or personal knowledge upon which the court is relying.
“Upon remand, the circuit court is authorized to require a more complete and further response by the prosecutor, conduct [further] hearing[s], or take whatever further action is determined necessary to render a final judgment on the petition.”
Henderson, 570 So.2d at 880-81.
A return showing compliance with these directions shall be filed in this Court within 42 days of the date of this opinion.
REMANDED WITH DIRECTIONS.
All Judges concur.

. The date the appellant filed this petition does not appear in the record. The petition itself is dated February 22, 1991. C.R. 10.

. Rule 32.5, A.R.Crim.P., provides: "Petitions filed under this rule shall be filed in and decided by the court in which the petitioner was convicted. If a petition is filed in another court, it shall be transferred to the court where the conviction occurred.” (Emphasis added.) See also Hiett v. State, 642 So.2d 492, 493 & n. 3 (Ala.Cr.App.1993).

. This assertion referred to the petition in its entirety and did not specify the particular allegations to which the time bar applies. We note that the two-year limitations period of Rule 32.-2(c) applies only to those grounds specified in Rule 32.1(a) (constitutional issues); Rule 32.1(f) (failure to appeal within the prescribed time) and Rule 32.1(e) (newly discovered evidence). With regard to claims based on newly discovered evidence, Rule 32.2(c) provides an alternative limitations period of six months after discovery of the evidence, "whichever is later.”

. Contrary to the assertion in the attorney general’s brief, the district attorney did not raise the preclusion ground of Rule 32.2(a)(5) — that an allegation "could have been but w[as] not raised on appeal.” Appellee’s brief at 6. As we noted in Hughley v. State, 597 So.2d 764, 765 (Ala.Cr.App.1992):
"It is possible that each of the grounds for preclusion set forth in Rule 32.2 is mutually exclusive. Contending that Rule 32.2(a)(2) is a ground of preclusion while also contending that Rule 32.2(a)(3) is a ground of preclusion amounts to a factual impossibility, because (a)(2) allows preclusion where the petitioner's assertion was raised or addressed at trial, and (a)(3) allows preclusion where such issue could have been, but was not raised at trial. The petitioner could not have both asserted and not asserted the same issue at trial. The same analysis may be applied to Rule 32.2(a)(4) and (a)(5)." (Emphasis in original.)
The district attorney’s response asserted that “all matters raised in the petition ” were raised on appeal. (Emphasis added.) Under Hughley, the State may not also contend that matters raised in the petition could have been but were not raised on appeal.