LONG, Judge.
The appellant, Howard Lee Smith, Jr., appeals from the trial court’s summary denial of his petition for post-conviction relief filed pursuant to Rule 32, Ala.R.Crim.P., which attacked his 1994 guilty plea conviction for robbery in the third degree and his resulting *1297 sentence of 15 years’ imprisonment as a habitual felon. The appellant did not appeal from his conviction.
In his petition, the appellant alleged, among other things, that his guilty plea was unlawfully induced or was not made voluntarily and that his trial counsel was ineffective because, although the appellant was, he says, innocent of the charges and wanted to go to trial, his counsel “angrily protested” and insisted that he plead guilty and forced him to plead guilty without explaining the consequences of the plea. The appellant claimed that but for his counsel’s insistence, he would not have pleaded guilty.
The trial court denied the appellant’s petition without an evidentiary hearing and without a written order stating its reasons for its summary denial.
After reviewing the appellant’s petition, we find that all of his claims, except that alleging ineffective assistance of counsel, are precluded on the grounds that they were not sufficiently specific, that they could have been, but were not, raised at trial or on appeal, or that they failed to state a claim for relief. See Rule 32.6(d), 32.7(d), 32.2(a)(3), and 32.2(a)(5), Ala.R.Crim.P. However, because we are unable to determine with any certainty the basis of the trial court’s denial of the appellant’s claim that his trial counsel was ineffective, we must remand the petition to the trial court in order for that court to examine the merits of the appellant’s claims of ineffective assistance of counsel. On remand, the trial court may conduct such further proceedings or take such evidence as it deems necessary. Should the trial court deny the appellant’s claims, the trial court should state its reasons for so doing in a ■written order. A return should be filed with this court within 56 days after the release of this opinion.
REMANDED WITH DIRECTIONS. 
All Judges concur.