BROWN, Judge.
The appellant, Larry Tarver, appeals from the trial court’s summary dismissal of his petition for post-conviction relief filed pursuant to Rule 32, Ala. R. Crim. P., in which he attacked his 1995 guilty-plea conviction for robbery in the first degree. This Court affirmed the appellant’s conviction by unpublished memorandum. Tarver v. State, 683 So.2d 1070 (Ala.Cr.App.1996) (table of cases). We issued the certificate of judgment on February 27,1996.
The appellant filed a previous Rule 32 petition in the Bullock Circuit Court on December 30, 1996. The trial court dismissed the petition on procedural grounds. (C.R. 88.) In affirming the trial court’s dismissal of the petition, this Court stated in an unpublished memorandum:
“Tarver has filed a brief which fails to comply with Rule 28(a)(4) and (a)(5), Ala. R. App. P. Therefore, the circuit court’s summary dismissal of the petition is affirmed. We note that because the circuit court dismissed the petition on procedural grounds without reaching the merits, a subsequent petition raising the same grounds would not be precluded as being a successive petition.”
Tarver v. State, 725 So.2d 1080 (Ala.Cr.App.1997) (table of cases) (emphasis added).
On September 23, 1997, the appellant filed the Rule 32 petition now before this Court, which raised substantially the same grounds as those in his first petition. In the present Rule 32 petition, the appellant alleged that the trial court lacked jurisdiction to render the judgment or to impose the sentence in his case because, he claimed, the trial court prohibited him from attending a hearing on, and thereby arguing, several of his pro se motions. In addition, he maintained that he was entitled to relief because, he said, he was a victim of selective prosecution. The appellant also asserted that he received ineffective assistance of counsel in association with the entry of his guilty plea. Specifically, he argued that counsel was ineffective because, he said, counsel failed to preserve certain issues for appellate review. He further argued that counsel’s effectiveness was diminished when the trial court refused to grant counsel’s motion to withdraw and, instead, appointed the appellant to act as “co-counsel.” The appellant further claimed that counsel’s ineffectiveness rendered his guilty plea involun *61 tary, and that his plea was involuntary because, he said, he was denied due process of law.
The trial court summarily dismissed the petition, finding that it was a successive petition. The appellant contends that the trial court erred in summarily dismissing his petition. We agree.
The appellant was due no relief on his allegation that the trial court prohibited him from arguing his pro se motions, because this claim was raised and decided adversely to him on direct appeal. Rule 32.2(a)(4), Ala. R. Crim. P. Likewise, he was not entitled to relief on his assertion that he had been a victim of selective prosecution, because this claim could have been, but was not, raised on direct appeal. Rule 32.2(a)(5), Ala. R. Crim. P. Although the trial court dismissed these allegations on a different ground, if a ruling of the trial court denying a Rule 32 claim is correct for any reason, it is due to be affirmed by this Court, even if the trial court stated an incorrect reason for its ruling. Long v. State, 675 So.2d 532, 533 (Ala.Cr.App.1996).
However, the trial court’s summary dismissal of the appellant’s claims of ineffective assistance of counsel and his claims regarding the voluntariness of his guilty plea was erroneous.[1] Where, as here, a defendant was represented at trial and on appeal by the same counsel, claims of ineffective assistance of counsel are properly raised in a Rule 32 petition. Ex parte Besselaar, 600 So.2d 978, 979 (Ala.1992). Furthermore, in Cantil v. State, 660 So.2d 1026 (Ala.1994), the Alabama Supreme Court held that a challenge to the voluntariness of a guilty plea is not precluded when presented in a timely filed Rule 32 petition “even though it was a matter that could have been, but was not, raised in the trial court — by a timely objection, a timely motion to withdraw the guilty plea, or a timely motion for a new trial — and then pursued on direct appeal.” Baker v. State, 717 So.2d 859, 860 (Ala.Cr.App.1996).
The trial court erred in summarily dismissing these claims as successive. “Before a Rule 32 petition can be dismissed as ‘successive’ within the meaning of Rule 32.2(b), Ala. R. Crim. P., the record must establish that a prior petition was adjudicated on its merits.” Jemison v. State, [Ms. CR-97-0124, January 30, 1998] — So.2d -, -(Ala.Cr.App.1998). As noted, the appellant’s first Rule 32 petition was denied on procedural grounds, and in affirming the trial court’s denial we specifically stated that “a subsequent petition raising the same grounds would not be precluded as being a successive petition.”
Accordingly, we remand this case to the trial court with directions that the trial court address the appellant’s allegations of ineffective assistance of counsel and the claims regarding the voluntariness of his guilty plea. The trial court should determine whether the appellant is entitled to an evidentiary hearing on these claims and proceed accordingly.
“The trial court may take evidence by any means set forth in Rule 32.9, Ala. R. Crim. P. ... However, ‘in the event that the circuit judge has personal knowledge of the actual facts underlying the appellant’s allegations, he may deny the petition without further proceedings so long as he states the reasons for the denial in a written order.’ Nathan v. State, 689 So.2d 933, 934 (Ala.Cr.App.1995). Moreover, if the trial court finds that a particular claim in the present petition fails to meet the specificity requirements of Rule 32.6(b), Ala. R. Crim. P., fails to state a claim or to present any material issue of fact or law entitling the appellant to relief, or is precluded under Rules 32.2(a)(1) through (5), Ala. R. Crim. P., the trial court should so state in its order.”
Jemison, — So.2d at-.
Should the trial court deem it necessary to hold an evidentiary hearing addressing the appellant’s allegations, the return to remand shall include a transcript of those proceedings. In the event that the trial court conducts an evidentiary hearing or takes evidence on the appellant’s allegations as pro *62 vided in Rule 32.9(a), Ala. R. Crim. P., the trial court must enter findings addressing each material issue of fact presented. On remand, the trial court may, in its discretion, require a more thorough response from the state.[2]
The trial court should take the necessary action to ensure that the circuit clerk makes due return to this court at the earliest possible time within 49 days of the release of this opinion.
REMANDED WITH DIRECTIONS. 
All the Judges concur.

. In dismissing the appellant's petition the trial court stated that the voluntariness of his plea had been raised on direct appeal. However, this Court failed to reach the merits of that issue because it had not been properly preserved for appellate review.

. As we have stated, "[d]istricl attorneys would be well advised when answering Rule 32 petitions presenting 'voluntariness' claims to take steps to generate transcripts of the guilty plea proceedings under attack when transcripts of those proceedings do not already exist.” Baker v. State, 717 So.2d 859, 861 n. 2 (Ala.Cr.App.1996).