The appellant Bobby Shane Duncan, appeals from the trial court's denial of his Rule 32 petition for postconviction relief.
The appellant's underlying convictions were for receiving stolen property in the first degree, a violation of § 13A-8-17, Code of Alabama 1975; burglary in the first degree, a violation of § 13A-7-5, Code of Alabama
1975; and burglary in the third degree, a violation of § 13A-7-7, Code of Alabama 1975. He did not directly appeal from his conviction.
In his petition, the appellant asserts the following grounds for relief: (1) that his convictions were obtained by guilty pleas that were unlawfully induced or not voluntarily made with an understanding of the nature of the charge and the consequences of the plea; (2) that the State engaged in prosecutorial misconduct when the prosecutor induced him into accepting the plea agreement and 20-year sentence after he falsely represented to him that each codefendant would receive identical sentences; and (3) that his trial counsel was ineffective because, he says: (a) counsel failed to advise him of the implications of proceeding to trial and requesting a jury instruction for lesser included offenses; (b) counsel convinced him to enter guilty pleas by representing that if he proceeded to trial and was convicted, he would likely be sentenced to a prison term within a range of 30 years to life imprisonment; (c) counsel failed to advise him of his right to an appeal following a conviction; (d) counsel misrepresented to him that he would be eligible for work release within four years of his imprisonment; and (e) counsel failed to review with him the elements of the offenses.
After conducting an evidentiary hearing, the trial court issued the following order dismissing the petition:
 "This cause coming before the Court on the Petitioner's Petition for Relief from Conviction or Sentence, and the State's Motion to Dismiss, and the Court, having reviewed the pleadings, the record of this case, hereby finds as follows:
 "(1) Petitioner, with Counsel, pleaded guilty to the charges of Robbery in the First Degree and Burglary in the Third Degree before [this trial court], on April 17, 1995. Petitioner was sentenced to twenty (20) years imprisonment for the charge of Robbery in the First Degree and to ten (10) years imprisonment for the charge of Receiving Stolen Property in the First Degree.
 "(2) Petitioner claims he involuntarily made the plea of guilty and did not fully understand the nature of the charges. However, Petitioner's voluntary and intelligent plea of guilty forecloses him from collaterally attacking his conviction or sentence. Mabry v. Johnson, [467 U.S. 504, 506-10,] 104 S.Ct. 2543, 2546-47[, 81 L.Ed.2d 437] (1984). A `plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or by his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business.' Brady v. United States, [397 U.S. 742,] 90 S.Ct. 1463[, 25 L.Ed.2d 747] (1970). Petitioner's voluntary and intelligent plea of guilty waives all the nonjurisdictional defects in the prior proceeding against him. U.S. v. Fairchild, 803 F.2d 1121, 1124 (11th Cir. 1986). Here, Petitioner knowingly and voluntarily changed his plea from not guilty to guilty on the charges of Robbery in the First Degree and Burglary in the Third Degree; therefore, Petitioner's claim that his plea was involuntarily and unknowingly made is dismissed.
 "(3) Petitioner's claim of ineffective assistance of counsel is precluded due to his failure to raise such claim in an appeal. Claims of ineffective assistance of counsel may not be considered for the first time on direct appeal. Ex Parte Jackson, 598 So.2d 895, 897 (Ala. 1992). Furthermore, the test demands `that counsel's representation fell below an objective standard of reasonableness' and that `there is a reasonable probability that, but for counsel's nonprofessional errors, the resulting proceedings *Page 797 
would have been different.' Strickland v. Washington, [466 U.S. 668,] 104 S.Ct. 2052[, 80 L.Ed.2d 674] (1984). Here, Petitioner asserts that he was coerced to plead guilty, but also states that his attorney advised that it was in the Petitioner's `best interest' to plead guilty. Hence, Petitioner admits that his counsel gave him the final choice in pleading guilty. Therefore, Petitioner has failed to satisfy either element in not proving that counsel's errors were so serious as to deprive the defendant of a fair trial. Id."
 "(4) Wherefore, these premises considered, the petition for relief from conviction or sentence is hereby dismissed."
Rule 32.9(d), Ala.R.Crim.P., states that the circuit court must make specific findings of fact relating to each material issue of fact presented for the court's review in determining the merits of a Rule 32 petition. These findings of fact, which form the basis for the trial court's denial of a petitioner's Rule 32 petition, are necessary to afford the petitioner due process. Rule 32.9(d); Henderson v. State,570 So.2d 879 (Ala.Cr. App. 1990). As noted above, the appellant raised numerous claims of ineffective assistance of counsel, which, he maintains, entitle him to relief. The trial court's order, however, failed to address several of those allegations. Additionally, the trial court's order failed to address the appellant's claim alleging prosecutorial misconduct in inducing him to enter a guilty plea. Based upon the trial court's order, this Court is unable to ascertain whether the trial court considered all the allegations contained in the petition. Moreover, the trial court's findings of fact in paragraph 3 are at least partially in error. We do not agree that the appellant's claims of ineffective assistance of counsel are procedurally barred by Rule 32.2(a)(5) as claims that could have been, but were not, raised on appeal. Because the appellant alleges that trial counsel was ineffective for failing to advise him of his right to appeal, and because he did not file a direct appeal, his ineffective assistance claims are cognizable in a Rule 32 post-conviction petition. SeeSmith v. State, 686 So.2d 1296 (Ala.Cr.App. 1996).
In Ex parte Walker, 652 So.2d 198, (Ala. 1994), the Alabama Supreme Court held that when an appellant presents several claims of ineffective assistance of counsel at an evidentiary hearing and the trial court fails to make the specific findings of facts required by Rule 32.9(d), Ala.R.Crim.P., with regard to each of them, remand for the entry of such findings is required. Therefore, this cause must be remanded to the trial court, with instructions to enter specific findings of fact with regard to each of the appellant's claims of ineffective assistance of counsel and any other material allegation presented. On remand, the trial court may conduct such further proceedings or consider such other evidence as it deems necessary. A return should be filed with this Court within 56 days of the release of this opinion.
REMANDED WITH INSTRUCTIONS.
All judges concur.
 On Return to Remand
McMILLAN, Judge.
On April 3, 1998, we remanded this cause to the trial court, with instructions to enter specific findings of fact with regard to each of the appellant's claims of ineffective assistance of counsel and any other material allegation presented in the appellant's Rule 32, Ala.R.Crim.P., petition for post-conviction relief.
The trial court, having complied with this Court's instructions, issued an order, which contained the following findings of fact:
 "1. On April 17, 1995, before the undersigned Judge, the Petitioner, with Counsel, pleaded guilty in a 2 Count indictment to Burglary in the First Degree and Robbery in the First Degree in Case No. CC-94-253; to Burglary in the Third Degree in Case No. CC-94-382 and to Theft of Property in the First Degree in Case No. CC-94-48. Petitioner was sentenced to twenty (20) years' imprisonment on each count for the charges of Burglary in the First Degree and Robbery in the First Degree; to ten (10) years' imprisonment for the charge of Burglary in the Third Degree and to ten (10) years' imprisonment for the charge of Receiving Stolen Property in the *Page 798 
First Degree. All the sentences were ordered to run concurrently for a total of 20 years' imprisonment.
 "2. As noted by the Court of Criminal Appeals in its Remand Opinion, the Petitioner in his Rule 32 Petition asserted the following grounds for relief; (1) that his convictions were obtained by guilty pleas that were unlawfully induced or not voluntarily made with an understanding of the nature of the charge and the consequences of the plea; (2) that the State engaged in prosecutorial misconduct when the prosecutor induced him into accepting the plea agreement and 20-year sentence after he falsely represented to him that each codefendant would receive identical sentences; and (3) that his trial counsel was ineffective because, he says: (a) counsel failed to advise him of the implications of proceeding to trial and requesting a jury instruction for lesser included offenses; (b) counsel convinced him to enter guilty pleas by representing that if he proceeded to trial and was convicted, he would likely be sentenced to a prison term within a range of 30 years to life imprisonment: (c) counsel failed to advise him of his right to appeal following a conviction; (d) counsel misrepresented to him that he would be eligible for work release within four years of his imprisonment; and (e) counsel failed to review with him the elements of the offenses.
 "3. The record in this case, including the Court Reporter's transcript of the guilty plea clearly shows that the Petitioner's guilty plea was entered intelligently and voluntarily and that he understood the nature of the charges and the consequences of the plea. Petitioner claims he involuntarily made the plea of guilty and did not fully understand the nature of the charges. Petitioner's voluntary and intelligent plea of guilty forecloses him from collaterally attacking his conviction or sentence. Mahry v. Johnson, [467 U.S. 504, 506-10,] 104 S.Ct. 2543, 2546-2547[, 81 L.Ed.2d 437] (1984). A `plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the Court, Prosecutor or by his own Counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business.' Brady v. United States, [397 U.S. 742,] 990[90] S.Ct. 1463[, 25 L.Ed.2d 747] (1970). Petitioner's voluntary and intelligent plea of guilty waives all the nonjurisdictional defects in the prior proceeding against him. United States v. Fairchild, 803 F.2d 1121, 1124 (11th Cir. 1986). Here, Petitioner knowingly and voluntarily changed his plea from not guilty to guilty on the charges of Burglary in the First Degree, Robbery in the First Degree and Burglary in the Third Degree; therefore, Petitioner's claim that his plea was involuntarily and unknowingly made is due to be dismissed.
 "4. As to Petitioner's claim that the State engaged in prosecutorial misconduct by inducing Defendant into accepting the 20-year sentence after the District Attorney's office falsely represented to Petitioner that each codefendant would receive identical sentences, the Court finds that said claim is without merit. In reviewing the sentences received by the codefendants the Court notes that codefendant, Jason Burrell, received a total of 25 years imprisonment; codefendant, Jody Burrell, received a total of 20 years' imprisonment. Only codefendant, Joseph Rubio, received less than 20 years when he was sentenced to 15 years. Based upon the testimony of Assistant District Attorney, Daniel C. Lemley, the Court finds that there was justification for codefendant Joseph Rubio to receive the 15-year sentence. Further, there was no credible evidence presented that the State made any assurance to Petitioner or his attorney that as a part of any plea agreement that all the codefendants would receive identical 20-year sentences. The Court finds that there was no prosecutorial misconduct which induced the Petitioner's guilty plea.
 "5. As to the Petitioner's ineffective assistance of counsel claim, the Court finds that Petitioner had reasonable and effective *Page 799 
representation by trial counsel. The Court will now address separately each ground upon which Petitioner alleges that he received ineffective assistance of counsel.
 "(a) As to the alleged failure of counsel to advise Petitioner of the implication of proceeding to trial and requesting a jury instruction for lesser included offenses, this Court finds that said claim is without merit. Defense counsel met with Petitioner numerous times according to Petitioner's own testimony and defense counsel's testimony to discuss going to trial or pleading guilty. Further, there was no reason to discuss the implications of requesting a jury instruction for lesser included offenses because the State never offered any lesser included offenses and as the facts were developed by defense counsel there would have been no basis for requesting jury instructions for lesser included offenses. In this regard defense counsel was clearly not deficient in any way nor was Petitioner prejudiced under the standards outlined in Strickland v. Washington, 466 U.S. 688[668, 104 S.Ct. 2052, 80 L.Ed.2d 674] (1984).
 "(b) The Court finds no credible evidence to support Petitioner's claim that defense counsel improperly convinced Petitioner to enter guilty pleas by representing that if he proceeded to trial and was convicted, he would likely be sentenced to a prison term with a range of 30 years to life imprisonment. At best the evidence was that defense counsel merely advised the Petitioner about possible sentences he could receive if convicted.
 "(c) The Court finds no credible evidence to support the Petitioner's assertion that defense counsel failed to advise Petitioner of his right to appeal or misrepresented to Petitioner that he could be eligible for work release within four years of his imprisonment or failed to review with Petitioner the elements of the offenses. Based upon a review of the transcript and the Court's own recollection of Petitioner's guilty plea, the Court finds that Petitioner was advised of his right to appeal by the Court and that the elements of the offenses were explained along with a factual basis by the State of Alabama and that Petitioner was questioned about his understanding regarding the same. Furthermore, defense counsel testified that he discussed the elements of the offense and Petitioner's right to appeal with him. Defense counsel denied telling Petitioner that he would be eligible for work release within four years."
Based upon the trial court's written order, we affirm the judgment dismissing the appellant's Rule 32 petition for post-conviction relief. In so holding, we adopt the trial court's order. Ex parte Snell 565 So.2d 271 (Ala. 1990).
The judgment of the trial court is affirmed.
AFFIRMED.
LONG, P.J., and COBB, BROWN, and BASCHAB, JJ., concur.