FRY, Judge.
The appellant, Roy Wayne Avery, appeals the summary denial of his postcon-viction petition filed pursuant to Rule 32, Ala.R.Crim.P., challenging the validity of his 1989 guilty plea conviction for burglary in the second degree, a violation of § 13A-7-6, Ala.Code 1975. In his petition, he claimed that his guilty plea was involuntary and that he was denied the effective assistance of counsel. These constitutional claims, however, are procedurally barred Rule 32.2(c), Ala.R.Crim.P., because they were not presented within the two-year limitations period. See Agee v. State, 639 So.2d 1388 (Ala.Cr.App.1993).
Additionally, Avery claimed that the trial court was without jurisdiction to render the judgment or to impose sentence because, he said, although he was indicted for burglary in the third degree, see § 13A-7-7, Ala. Code 1975, he pleaded guilty to and was convicted of burglary in the second degree.[1] In support of his claim, Avery attached a copy of the indictment for burglary in the third degree and a copy of an Ireland form indicating that Avery had pleaded guilty to burglary in the second degree. The state’s response to Avery’s petition did not address the merits of Avery’s jurisdictional claim; therefore, Avery’s unrefuted claim must be accepted as true. See Bates v. State, 620 So.2d 745 (Ala.Cr.App.1992).
If a defendant pleads guilty to an offense for which he has not been indicted, the trial court does not have jurisdiction to render judgment on the guilty plea. Eiland v. State, 668 So.2d 147 (Ala.Cr.App.1995).
In its brief to this Court, the state concedes that Avery’s petition is facially meritorious as to Avery’s jurisdictional claim, and requests us to remand the case to the *863 circuit court. We remand this case to the circuit court to make written findings of fact regarding the merits of Avery’s jurisdictional claim. The circuit court may, if necessary, hold an evidentiary hearing on this matter. A return to remand shall be filed with this Court within 42 days of this opinion.
REMANDED WITH INSTRUCTIONS *
LONG, P.J., and McMILLAN, COBB, and BASCHAB, JJ., concur.

. We note that this claim is not subject to the two-year limitations period because it alleges a jurisdictional defect. See Gordon v. Nagle, 647 So.2d 91 (Ala.1994).

 Note from the reporter of decisions: On May 19, 2000, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On June 23, 2000, that Court denied rehearing, without opinion. On August 18, 2000, the Supreme Court denied certiorari review, without opinion (1991912).