825 So.2d 129 (1999)
Roy Wayne AVERY
v.
STATE.
CR-98-1237.
Court of Criminal Appeals of Alabama.
November 19, 1999.
Opinion on Return to Remand May 26, 2000.
Opinion on Return to Second Remand March 30, 2001.
*130 Roy Wayne Avery, pro se.
Bill Pryor, atty. gen., and Cedric B. Colvin, asst. atty. gen., for appellee.
McMILLAN, Judge.
The appellant, Roy Wayne Avery, appeals from the circuit court's summary denial of his petition for postconviction relief filed pursuant to Rule 32, Ala. R.Crim.P. On September 26, 1996, the appellant was indicted for first-degree kidnapping, and on May 12, 1997, he pleaded guilty to unlawful imprisonment in the second degree. He was sentenced to "time served: 293 days." On January 8, 1998, and again on September 3, 1998, the appellant was arrested for failure to pay court costs. He did not appeal from his conviction, but, on January 27, 1999, he filed the Rule 32 petition at issue here, arguing that his guilty plea was involuntary; that he was denied effective assistance of counsel; that the circuit court did not have jurisdiction to accept his guilty plea because, he says, second-degree unlawful imprisonment is not a lesser included offense of first-degree kidnapping and the court failed to amend the indictment to charge a new offense; and that the sentence imposed exceeds the maximum authorized by statute. The circuit court denied the appellant's petition without an evidentiary hearing, finding that the appellant had failed to raise a factual or jurisdictional issue.
As the State acknowledges in its brief on appeal, this case is due to be remanded to the circuit court with instructions to hold an evidentiary hearing addressing the issues raised by the appellant in his Rule 32 petition. Challenges to the voluntariness of a guilty plea may be brought in a timely Rule 32 petition even if the issue was not, but could have been, raised at trial or on appeal. Tarver v. State, 724 So.2d 59, 61 (Ala.Cr.App.1998). The appellant alleges facts that, if proven, would warrant relief, such as the circuit court's failure to advise him of the maximum and minimum sentence authorized by law and its failure to ensure that he understood the constitutional protections he was waiving by pleading guilty. There is no transcript of the guilty plea colloquy in the record and the State has yet to address these issues. See Baker v. State, 717 So.2d 859, 861 n. 2 (Ala.Cr.App.1996), in which this Court stated:
"District attorneys would be well advised when answering Rule 32 petitions presenting `voluntariness' claims to take steps to generate transcripts of the guilty plea proceedings under attack when transcripts of those proceedings do not already exist."
Furthermore, the record reflects that the appellant was convicted after the Alabama Supreme Court decided Ex parte Ingram, 675 So.2d 863 (Ala.1996). Under the procedures outlined in Ingram, a defendant may bring an ineffective-assistance-of-counsel *131 claim in a timely Rule 32 petition. The appellant brought his petition within the two-year limitations period set out in Rule 32.2(c), Ala.R.Crim.P. Thus, the issues raised in the petition are not procedurally barred.
As to the appellant's claim that his sentence was excessive, the record reflects that the appellant pleaded guilty to a Class C misdemeanor, carrying a maximum penalty of three months' incarceration. However, the appellant's sentence of "time served" amounted to a sentence of over nine months, exceeding the statutory maximum.[1] The prosecutor, in his response to the appellant's petition, referred to the appellant as a "habitual offender," and the circuit court, in its order denying the appellant's petition, referred to the "habitual offender act." However, the Habitual Felony Offender Act does not apply to misdemeanor convictions. Therefore, the record needs to be clarified, or the appellant's sentence, if excessive, needs to be set aside.
The case is remanded to the circuit court with instructions to consider the merits of the appellant's petition. Pursuant to Rule 32.9(d), "the court shall make specific findings of fact relating to each material issue of fact presented." Due return shall be filed with this Court within 56 days from the date of this opinion.
REMANDED WITH INSTRUCTIONS.
LONG, P.J., and COBB, BASCHAB, and FRY, JJ., concur.

On Return to Remand
McMILLAN, Judge.
On November 19, 1999, we remanded this cause to the trial court with instructions to consider the merits of the appellant's Rule 32 petition and to make specific findings of facts relating to each material issue of fact presented.
Pursuant to our instructions, the trial court conducted an evidentiary hearing and issued the following order:
"This case was heard on January 10, 2000, following the instruction of the Alabama Court of Criminal Appeals. The defendant is an habitual offender serving twenty-five (25) years for a number of unrelated ... offenses. This case is an appeal from a Rule 32 petition. The defendant pleaded guilty to false imprisonment in the second degree on May 12, 1997. The defendant was sentenced to `time served' and released from the county jail.
"Upon hearing testimony from the defendant and defendant's trial counsel, the Court finds that the defendant voluntarily and knowingly entered his plea on May 12, 1997, which was in the defendant's best interest. The defendant was indicted for kidnapping in the first degree. A record of the guilty plea colloquy does not exist as the court reporter does not record misdemeanor pleas. The sentence will be amended from `time served' to `three (3) months served' if the Court of Criminal Appeals so orders. Defendant's trial counsel cannot be considered ineffective as he arranged the defendant's plea to a misdemeanor and release from the county jail from a Class A felony charge. A copy of this order is to be filed with the Court of Criminal Appeals (CR-98-1237).
"Done, this the 12th day of January, 2000."
A reading of the trial court's order indicates that we must remand this cause a *132 second time to once again instruct the trial court to make specific findings of fact with respect to the allegations contained in the appellant's petition. The trial court's order does not contain any findings of fact relating to the appellant's allegation that the trial court failed to advise him of the maximum and minimum sentence. The trial court's order does not contain any findings of fact relating to the appellant's allegation that the court failed to ensure that he understood the constitutional protections he was waiving by pleading guilty. The trial court's order does not contain findings of fact relating to the appellant's allegation that his counsel was ineffective. The trial court's order does not address the appellant's claim that the court did not have jurisdiction to accept his guilty plea because, under the facts of this case, second-degree unlawful imprisonment is not a lesser offense included in the offense of first-degree kidnapping.
On remand, it is unnecessary for the trial court to conduct a second evidentiary hearing because the appellant has had an opportunity to present evidence in the prior hearing. It is necessary, however, for the trial court to amend or set aside the appellant's sentence in accordance with this Court's previous opinion. See Avery v. State, 825 So.2d 129 (Ala.Crim.App. 1999). Due return shall be filed with this Court within 56 days from the date of this opinion.
REMANDED WITH INSTRUCTIONS.
LONG, P.J., and COBB, BASCHAB, and FRY, JJ., concur.

On Return to Second Remand
McMILLAN, Presiding Judge.
This cause was remanded a second time to the trial court with instructions that that court make specific findings of fact with respect to the allegations contained in the Rule 32, Ala.R.Crim.P., petition for postconviction relief, filed by the appellant, Roy Wayne Avery, and amend or set aside the appellant's sentence in accordance with this Court's previous opinion. See Avery v. State, 825 So.2d 129 (Ala.Crim.App.1999) (opinion on return to remand).[1]
Pursuant to those instructions, the trial court issued the following order:
"This cause being before this court upon remand for the second time, from the Court of Criminal Appeals. This matter is before the Court of Criminal Appeals to consider the merits of a Rule 32 petition filed by Roy Wayne Avery. Avery is presently serving a twenty-five year sentence, as a habitual offender, on numerous unrelated offenses. The present Rule 32 specifically relates to his plea of guilt to false imprisonment in the second degree on May 12, 1997. Avery was sentenced, pursuant to a plea agreement, to `time served' and was released from the county jail. Later, upon the first remand from the Court of Criminal Appeals, this court entered an amended order on January 12, 2000 changing the sentence from `time served' to `three (3) months served' if so ordered by the appellate court.[[2]] Further, the January 12, 2000 order reflects the court's memory *133 and recollection of the original plea of guilt and sentencing in this cause and cites that there is no record of that plea due to its misdemeanor status.[[3]]
"On May 26, 2000, the Court of Criminal Appeals remanded this cause for the second time with instruction as to making findings of fact regarding the allegations that Avery was not advised of the maximum and minimum sentence of the crime to which he pled guilty; that the trial court failed to ensure that Avery understood that he was waiving certain constitutional protections by pleading guilty; and the allegation that Avery's counsel was ineffective. Additionally, the appellate court remanded for this court to address Avery's claims that this court was without jurisdiction to accept his guilty plea to false imprisonment in the second degree because it is not a lesser included offense of first degree kidnapping, Avery's original charge.
"This Court has thoughtfully considered the instructions from the Court of Criminal Appeals concerning each of the aforementioned allegations of Avery. Upon careful review of the file in this cause the court finds that there is no transcript of the proceedings and therefore the court cannot make a determination as to allegations aver[red] in Avery's petition. However, the Court has been caused to reflect upon the allegation that it was without proper jurisdiction to accept the plea of guilty to false imprisonment in the second degree and is now of the opinion that the allegations are correct based upon the fact that the plea of guilt was to an offense that is not a lesser included offense of the original charge and therefore,
"IT IS NOW ORDERED, ADJUDGED AND DECREED, that the May 12, 1997 plea of guilt to false imprisonment in the second degree entered by Roy Wayne Avery, is hereby vacated. This is done in accordance with and upon review of the remand of the Alabama Court of Criminal Appeals opinions of November 19, 1999 and May 26, 2000 and a copy of this order shall be served upon such Court, the District Attorney for the Thirty-third Judicial Circuit and Roy Wayne Avery, in care of the Alabama Department of Corrections."
Based upon the only rendition of alleged facts of this case contained in the record, the trial court erred in holding that it was without jurisdiction to accept the appellant's guilty plea to unlawful imprisonment in the second degree. It is wellsettled that unlawful imprisonment can be a lesser-included offense of kidnapping. See Goff v. State, 572 So.2d 1283 (Ala. Crim.App.1990). The commentary to §§ 13A-6-41 and -42 states:
"The offense of `unlawful imprisonment' covers all mild cases of unlawful restraint that do not fall within the scope of `kidnapping.' §§ 13A-6-43 and 13A-6-44."
(Emphasis added.) See also Seay v. State, 479 So.2d 1338, 1342 (Ala.Crim.App.1985) (in which the trial court instructed the jury on the "lesser included offense of unlawful imprisonment" in a kidnapping case.)
The trial court makes no statement as to why unlawful imprisonment would not be a lesser-included offense in this case, nor does it make any reference to or finding from any of the facts. The only rendition of the facts contained in the record lies in *134 the appellant's Rule 32 petition, and the State's response did not refute these facts. If the facts as alleged therein are true, the trial court was correct in accepting the appellant's guilty plea to the lesser-included offense of unlawful imprisonment.
The trial court's judgment in this case vacating the appellant's conviction is therefore set aside and the cause remanded to the trial court with instructions to, if necessary, conduct a second evidentiary hearing on the merits of the appellant's Rule 32 petition. The trial court is instructed to make specific findings of fact with regard to each allegation contained therein. A transcript of the hearing should be included in the record on return to remand. Due return shall be filed with this Court within 56 days from the date of this opinion.
REMANDED WITH DIRECTIONS.[*]
COBB, BASCHAB, SHAW, and WISE, JJ., concur.
NOTES
[1] The cover of the record on appeal indicates that the appellant's sentence was "6 months jail" which would also exceed the statutory maximum for a Class C misdemeanor.
[1] In the opinion released on May 26, 2000, this Court held that it was unnecessary for the trial court to conduct a second evidentiary hearing because the appellant had already had an opportunity to present evidence in a prior hearing.
[2] The appellant was originally sentenced to "time served," which included 9 months and 23 days; we held that the sentence violated the sentencing provisions of § 13A-5-7(3), Ala.Code 1975, which provided a maximum sentence of 3 months' imprisonment for a Class C misdemeanor.
[3] In its first order on return to remand, dated January 12, 2000, the trial court found that "the defendant voluntarily and knowingly entered his plea on May 12, 1997, which was in the defendant's best interest." The trial court also found that "the defendant's trial counsel cannot be considered ineffective as he arranged the defendant's plea to a misdemeanor and release from the county jail from a Class A felony charge."
[*] Note from the reporter of decisions: On September 21, 2001, on return to 3rd remand, the Court of Criminal Appeals affirmed, without opinion. On October 19, 2001, that court denied rehearing, without opinion. On January 25, 2002, the Supreme Court denied certiorari review, without opinion (1010437).