PATTERSON, Retired Appellate Judge.
The appellant, Rodney Dion Griffin, appeals from the circuit court’s denial of his postconviction petition filed pursuant to Rule 32, Ala. R.Crim. P. In his petition, he contested his two convictions for third-degree robbery and his conviction for third-degree burglary. Those convictions were based on Griffin’s guilty pleas entered pursuant to a plea agreement. The agreement allowed him to plead guilty to the lesser offenses included within the of *921 fenses of first-degree robbery and second-degree burglary, allowed the fourth count (charging first-degree robbery) to be dismissed, and allowed him to avoid, which he would have been unable to do if he had been convicted by a jury of the offenses for which he had been indicted, enhanced punishment of life imprisonment without the possibility of parole. In exchange for his pleas, he was sentenced to life imprisonment for each conviction, and the sentences were to run concurrently.
On appeal, Griffin presents the following issue, supported by numerous subissues[1]:
“Did the trial court err to reversal in denying the Appellant’s Rule 32 petition and relief without deciding the merits of all of his claims properly, misconstruing the Appellant’s issues [or] claims and holding that the Appellant’s issues [or] claims were precluded under Rule 32.2(a)(3) and (a)(5) -without holding an evidentiary hearing when there were material facts and laws in dispute?”
In his petition, Griffin asserted numerous grounds of ineffective assistance of counsel; he also asserted that the indictments were defective. In response, the State filed an answer and the affidavit of Griffin’s trial counsel. The circuit court issued a written order on the pleadings, without conducting an evidentiary hearing.
The court’s order and the State’s answer and affidavit of Griffin’s trial counsel, upon which the court based its order, fail to address adequately all of the claims raised by Griffin in his petition. For example, Griffin contends that the circuit court did not address or rule on his allegation that trial counsel was ineffective for failing to file a motion to suppress his second statement to law-enforcement officers and that, had counsel done so, he would not have pleaded guilty and would have insisted on going to trial.
In his petition, Griffin alleged that a motion to suppress would have been supported by the following facts: Griffin gave a statement to Detective Stephanie Garrett on April 1, 1999, regarding the burglary of the dwelling of Hector Ramos. During this interview, when Detective Garrett began questioning Griffin about some robberies, he “stated that he did not know anything about those robberies and requested an attorney.” Detective Garrett ceased her questioning at that time, but four days later, without initiation or invitation by Griffin, she questioned him again about the robberies; counsel was not present. He alleged that this latter statement and the information and evidence obtained pursuant to it should have been suppressed.
The State, in its response, did not refute these specific factual allegations. In denying this claim, the circuit court relied on the following passage from Griffin’s trial attorney’s affidavit:
“Although it is true that I did not file a motion to suppress at the time of entering the guilty plea[s], if the matter had proceeded to trial such a motion would have been filed during the actual trial. Based upon my experience in practicing law in the Circuit Court of Morgan County, motions to suppress are typically heard immediately prior to the taking of evidence in the trial and not prior to the scheduled trial docket. Based on this practice as well as the strength of the argument, I made a strategic decision not to file any such motion until the trial of the matter. The filing of the motion prior to the trial setting would serve no purpose other than to give the State prior notice, thereby, al *922 lowing the State to possibly be better prepared to defend any such motion. There was nothing to gain by filing any such potential motion prior to the trial docket. As such, said motion was simply not filed at the time of entering the plea[s].”
Griffin’s trial attorney emphasized, in his affidavit, that he had thoroughly researched the issue of the admissibility of Griffin’s extrajudicial statements, had discussed the issue with Griffin, and had even provided Griffin with a copy of his research. However, trial counsel did not disclose any factual or legal weaknesses of a suppression motion. The facts surrounding the statements, as described by Griffin, were not contradicted and, as stated, have merit, as indicated by the following commentary:
“[T]he [Supreme Court] in Edwards v. Arizona, [451 U.S. 477 (1981),] ... held ‘that an accused, ... having expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges or conversations with the police.’ This result, the Court noted, is consistent with the language in Miranda [v. Arizona, 384 U.S. 436 (1966) ] that ‘[i]f the individual states that he wants an attorney, the interrogation must cease until an attorney is present.’ Thus the defendant’s confession in Edwards was inadmissible, for the police had visited the defendant in his cell and obtaining [sic] a waiver of Miranda rights the morning after defendant had declared he wanted an attorney. In Minnick v. Mississippi, [498 U.S. 146 (1990),] the Court added that the key here is respect for the individual’s decision to deal with the police only through counsel, and therefore the protection furnished by Edwards does not cease once the individual consults with an attorney while remaining in custody. While Edwards spoke of counsel being made ‘available’ to the person, that reference was to the counsel being present during the interrogation. ...
“Edwards is best viewed as a per se rule proscribing any interrogation of a person held in custody who has invoked his right to counsel absent the individual’s subsequent initiation of conversation .... This prophylactic character of Edwards is evidenced by Arizona v. Roberson, [486 U.S. 675 (1988),] holding that Edwards ... governs even when the later interrogation concerns a wholly unrelated crime....
[[Image here]]
“... [T]he mere passage of time between the time defendant invoked his right to counsel and the next interrogation does not make Edwards inapplicable.”
2 Wayne R. LaFave et al., Criminal Procedure § 6.9(f) (2d ed.1999) (footnotes omitted).
Applying the above principles to the only factual context given us, we cannot agree with trial counsel’s conclusion that “[t]here was nothing to gain by filing any such potential motion [to suppress] prior to the trial docket.” If a suppression motion, supported by the facts presented here, had been filed, even had the trial court denied it, Griffin could still have entered guilty pleas, reserving such adverse ruling for appellate review. The facts, as pleaded, could support the conclusion that Griffin’s guilty pleas were unintelligent, i.e., founded on erroneous advice based on a mistaken assessment of the *923 admissibility of his statement. See McMann v. Richardson, 397 U.S. 759, 766, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970) (a guilty plea is a waiver of the right to contest the admissibility of any evidence the prosecution might have offered against the defendant; accordingly, that waiver must be an intelligent act " 'done with sufficient awareness of the relevant circumstances and likely consequences’ ”), quoting Brady v. United States, 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).
As noted above, the controversy regarding the success of a motion to suppress is only one of several claims that wére not adequately addressed by the circuit court.
“Rule 32.9(d), Ala. R.Crim. P., states that the circuit court must make specific findings of fact relating to each material issue of fact presented for the court’s review in determining the merits of a Rule 32 petition. These findings of fact, which form the basis for the trial court’s denial of a petitioner’s Rule 32 petition, are necessary to afford the petitioner due process. Rule 32.9(d); Henderson v. State, 570 So.2d 879 (Ala.Cr.App.1990).”
Duncan v. State, 722 So.2d 795, 797 (Ala.Crim.App.1998).
As a final note, in reference to some of the ineffective-counsel claims that involve an assessment of the voluntariness of Griffin’s guilty pleas, there is no transcript of the guilty-pleas proceedings, including the colloquy, in the record. As this court noted in Avery v. State, 825 So.2d 129, 130 (Ala.Crim.App.1999), quoting Baker v. State, 717 So.2d 859, 861 n. 2 (Ala.Crim.App.1996): “ ‘District attorneys would be well advised when answering Rule 32 petitions presenting “voluntariness” claims to take steps to generate transcripts of the guilty plea proceedings under attack when transcripts of those proceedings do not already exist.’ ” •.
Accordingly, this case is remanded for the circuit court to again consider the merits of Griffin’s petition and to enter additional specific findings of fact. The circuit court may hold an evidentiary hearing or, in lieu of a hearing, may take evidence as provided in Rule 32.9(a). We adopt the following instructions from Harper v. State, 676 So.2d 949, 950-51 (Ala.Crim.App.1995), as applicable to this remand order:
“[T]he court may properly dispose of those allegations [that are meritorious on their face] without an evidentiary hearing under one of two sets of circumstances. First, if it has before it ‘facts supporting the position of each party [that] are fully set out in ... supporting affidavits.’ Johnson v. State, 564 So.2d 1019, 1021 (Ala.Cr.App.1989) (relying on Temp. Rule 20.9(a), Ala. R. Cr. P., now Rule 32.9(a) ...). . Second, if the events that serve as the basis of the ... allegation were observed by the same judge who rules on the Rule 32 petition. Ex parte Hill, 591 So.2d 462, 463 (Ala.1991) (wherein the court held that ‘a judge who presided over the trial or other proceeding and observed the conduct of the attorneys at the trial or other proceeding need.not hold a hearing on the effectiveness of those attorneys based upon the conduct that he observed’). See also Benefield v. State, 583 So.2d 1370, 1370 (Ala.Cr.App.1991) (wherein the court noted that meritorious allegations ‘warrant either an evidentiary hearing or an adequate explanation for their denial’). In the event that the circuit judge has personal knowledge of the actual facts underlying any of [the petitioner’s] allegations, he may deny the allegations without further proceedings on those allegations so long as he states the specific reasons for the denial *924 in his written order. See Sheats v. State, 556 So.2d 1094 (Ala.Cr.App.1989).”
The circuit court shall take all necessary-action to see that the circuit clerk makes due return to remand at the earliest possible time and no later than 70 days from the date of this opinion.[2] If a hearing is conducted, the return to remand shall contain a transcript of the proceedings.
The foregoing opinion was prepared by Retired Appellate Judge John Patterson while serving on active duty status as a judge of this court under the provisions of § 12—18—10(e), Ala.Code 1975.
REMANDED WITH DIRECTIONS. 
McMILLAN, P.J., and COBB, SHAW, and WISE, JJ., concur.
BASCHAB, J., concurs in the result.

. The attorney general’s brief does not address the plethora of issues raised by Griffin ón appeal. He merely parrots the circuit court’s order denying Griffin's petition.

. In the interests of judicial economy and finality of judgment, we suggest that, on return to remand, the circuit court order Griffin to provide it with a copy of his appellate briefs for the purpose of reviewing its order. With this in mind, we are giving the circuit court additional time, not normally provided, to have a return to remand filed with this court.